UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUTTON WALK AT LEXINGTON
CONDOMINIUM ASSOCIATION,
INC,

      Plaintiff,

v.                                                                  Case No.:  2:22-cv-625-JLB-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.

                                      /

## ORDER

Before the Court is Defendant Empire Indemnity Insurance Company's Motion to Quash Subpoena and for Protective Order Under Rule 26 (Doc. 30).[1] Plaintiff Sutton Walk at Lexington Condominium Association, Inc. responded (Doc. 32), making the matter ripe. For the reasons below, Empire's motion is denied.

### I. Background

This is an insurance dispute stemming from losses caused by Hurricane Irma. (Doc. 8 ¶ 11.) Sutton Walk claims its insurer, Empire, breached the insurance policy by failing to pay the benefits it should have. (*Id.* ¶ 25.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Through the course of discovery, Sutton Walk deposed Empire's corporate representative. (Doc. 30 at 2.) It now seeks to depose Mr. Scott Klaben, the former Empire adjuster who investigated the claim. (*Id.* at 1.) Mr. Klaben has not objected to the subpoena, but Empire has. Specifically, it asks the Court to quash the subpoena or enter a protective order to stop it from taking place. (*Id.* at 3.)

## II. Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena documents in a nonparty's possession and require a nonparty to testify at a deposition. Fed. R. Civ. P. 45(a)(1).

Written objections may be served by the nonparty, but they must be made before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides

untimely responses, whatever objections it might otherwise have had are generally deemed waived."). If a party objects to a Rule 45 subpoena, it must demonstrate that compliance presents an undue burden or would require the disclosure of privileged or protected information. *Fadalla v. Life Auto. Prod., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).

### III. Discussion

Empire presents its motion as two-fold: a motion to quash, or, in the alternative, a motion for a protective order. But Empire is not the target of the subpoena. Instead, the target is Mr. Klaben, a third party. Empire recently learned that Mr. Klaben is receiving treatment for cancer. (Doc. 30 at 2.) Thus, it argues that the subpoena should be quashed because deposing Mr. Klaben in his condition would impose an undue burden. (*Id.*) Mr. Klaben has not objected to the subpoena, so Empire essentially makes this argument on his behalf.

The motion for protective order is a little more simply stated: "Empire seeks a protective order forbidding the deposition as exceeding the scope of discovery under Rule 26(b)." *Id.* The Court considers each request in turn.

*A. Motion to Quash*

Before turning to the merits of Empire's argument, a threshold issue emerges: whether Empire has standing to quash the third-party subpoena. A party has standing to challenge a subpoena only "if [it] alleges a personal right

3

or privilege." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). For example, "[t]o the extent that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden . . ., [they] have standing to quash on those grounds." *Id.* Otherwise, parties may not challenge third-party subpoenas. "This [rule] excludes challenges on the grounds of oppression and undue burden" placed on the subpoena target. *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2022 WL 971888, at *3 (M.D. Fla. Mar. 31, 2022); *see also Scoma Chiropractic, P.A. v. Nat'l Spine & Pain Centers LLC*, No. 2:20-CV-430-JLB-MRM, 2021 WL 4991523, at *2 (M.D. Fla. Oct. 27, 2021).

Empire does not argue the subpoena causes it any private harm. And it does not claim the subpoena burdens it with discovery costs. In other words, Empire asserts no personal right or privilege with respect to the subpoena. Further, Mr. Klaben does not appear to have objected to the subpoena on any grounds. Thus, he waived his right to object. *See Cadle*, 2014 WL 12639859, at *3. And Empire lacks standing to do it for him. *See Lesniak v. Geico Gen. Ins. Co.*, No. 219CV494FTM60MRM, 2020 WL 5878022, at *3–4 (M.D. Fla. Apr. 17, 2020). Empire's motion to quash is thus denied for lack of standing.

### B. Motion for Protective Order

As an initial matter, by seeking to preclude the entire deposition under a protective order Empire draws close to merely reframing its motion to quash.

Indeed, in some places, Empire seems to conflate the two motions. (*See, e.g.*,
Doc. 30 at 3 ("The Court may protect Mr. Klaben from the oppression and
undue burden and expense that a deposition would impose upon him . . . , and
protect Empire from unnecessary, cumulative discovery, by entering a
protective order forbidding the deposition and quashing the subpoena."). But
the two motions could be supported by different legal reasoning. So to be safe,
the Court addresses them separately. *See Auto-Owners Ins. Co.*, 231 F.R.D. at
426.

Starting first with Empire's standing to move for a protective order, the
case law compels a different result. Unlike a motion to quash, a defendant "has
standing to seek a protective order precluding [the plaintiff] from obtaining
irrelevant discovery from a third party or discovery that is beyond the
permissible scope of Rule 26." *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr.,
LLC*, No. 8:21-CV-146-MSS-AAS, 2021 WL 7448237, at \*2 (M.D. Fla. Aug. 13,
2021); *see al*so *Lesniak*, 2020 WL 5878022, at \*3 ("This Court has previously
held that parties have standing to move for a protective order if a subpoena
seeks irrelevant information."). Thus, Empire has standing to move for a
protective order under Rule 26.

The decision to grant a protective order is within the court's discretion.
*Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2019 WL
1518959, at \*5 (M.D. Fla. Apr. 8, 2019). "The party seeking a protective order

has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins.*, 231 F.R.D. at 429-30 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. . . . Moreover, the alleged harm must be significant, not a mere trifle." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

The Federal Rules of Civil Procedure permit wide discovery, making a protective order based on relevance a heavy burden:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The term 'relevant' in this definition is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Meide*, 2019 WL 1518959, at *5.

6

Mr. Klaben's testimony is clearly relevant. As the insurance adjuster responsible for investigating Sutton Walk's damage, any evidence he provides would directly relate to the claims. And, as Sutton Walk states, Mr. Klaben's health condition, while unfortunate, highlights the importance of preserving what is likely critical evidence. (Doc. 32 at 7.)

Empire counters that Mr. Klaben's testimony would be "unnecessary, cumulative discovery" because Sutton Walk already deposed Empire's corporate representative. (Doc. 30 at 2-3.) Notably, this is Empire's only argument on the topic, and it does not go to relevance. But it is also belied by the record. At his deposition, Empire's corporate representative testified that he did not speak with Mr. Klaben about his evaluation of the claim and did not know of certain key facts. (Doc. 32 at 6.) Thus, Mr. Klaben's testimony is far from cumulative or unnecessary.

In sum, Empire has not carried its burden to show good cause or specific injury to support a protective order.

Accordingly, it is now **ORDERED**:

1. Defendant Empire's Motion to Quash Subpoena and for Protective Order Under Rule 26 (Doc. 30) is **DENIED.**

2. Plaintiff Sutton Walk may issue a new subpoena and depose Mr. Klaben. But Sutton Walk must be particularly sensitive to his health condition

when complying with its obligation to avoid undue burden under Fed. R.

Civ. P. 45(d)(1).

**ENTERED** in Fort Myers, Florida this August 22, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

8